UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **AUDREY GOODWIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 04-2026 |
| ) | |
| **BOARD OF TRUSTEES OF THE** ) | |
| **UNIVERSITY OF ILLINOIS, RANDY** ) | |
| **KORNEGAY and KIP MECUM, in their** ) | |
| **individual capacities,** ) | |
| ) | |
| **Defendants.** ) | |

---

**OPINION**
---

On July 30, 2004, Plaintiff Audrey Goodwin filed an Amended Complaint (#12) against Defendants Board of Trustees of the University of Illinois ("Board"), Randy Kornegay, and Kip Mecum. In her complaint, Goodwin alleges that she was demoted and disciplined as a result of her age, sex, and race, African-American. Goodwin thus brought claims under Title VII and the Age Discrimination in Employment Act (ADEA) against the Board and claims under 42 U.S.C. § 1983 against Kornegay and Mecum. Goodwin's ADEA claim was dismissed by this court on August 4, 2004. This court granted summary judgment in favor of Defendants on June 8, 2005. On March 31, 2006, that order was reversed by the Seventh Circuit Court of Appeals, and this case has been set for jury trial on November 13, 2006. In preparation for trial, the parties have filed motions in limine. This court has already set forth the applicable facts of the case in ruling on the motion for summary judgment and will not repeat them here. After careful consideration of the parties' filings,

the court rules as follows.

## I. Defendants' Motions in Limine

### A. Motion to Exclude Admission of Findings of Fact Submitted by Hearing Officer for the University Civil Service Merit Board

In the first portion of their motion in limine, Defendants seek to exclude a document entitled "Findings of Fact for Chairman of the Hearing Board" filed by John T. Phipps with the State Universities Civil Service System on May 31, 2002. This document makes credibility determinations regarding witnesses likely to testify at trial and finds that the Board failed at the administrative hearing to prove any of its charges against Goodwin "by sufficient creditable evidence except for the portion of Charge 3 relating to the fact Audrey D. Goodwin used poor judgment in the way she handled the email incident." The "Decision and Order" of the University Civil Service Merit Board did not incorporate the findings of Phipps, the hearing officer, in making a final determination as to whether there was just cause for the demotion of Goodwin.

This court finds pursuant to Federal Rule of Evidence 403 that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. Goodwin has pointed to no evidence presented to the hearing officer which cannot be presented before the jury in the trial of this matter. The Seventh Circuit Court of Appeals has already determined the findings of fact of the hearing officer are not entitled to collateral estoppel effect in these proceedings. Goodwin v. Board of Trs. of the Univ. of Ill., 442 F.3d 611, 621 (7th Cir. 2006). Furthermore, to admit the hearing officer's determination as to the credibility of witnesses whom Goodwin has indicated she will call for trial would improperly invade the province of the jury and result in unfair prejudice to Defendants. There is an inherent danger that the jury will consider this determination in making its own credibility determinations. See Cambra v. Restaurant Sch., 2005 WL 2886220 at *5 (E. D. Pa.

2005). Accordingly, this portion of Defendants' Motion in Limine is GRANTED.

### B. Motion to Exclude Admission of Evidence Regarding Mecum's Receipt of Vulgar Jokes and Elder's Accessing Pornography on the Internet

In the second portion of their motion in limine, Defendants seek an order barring Goodwin from admitting evidence that: (1) Kip Mecum was not demoted for receiving vulgar e-mails or receiving personal messages on his university e-mail account; and (2) Charles Elder received only a warning when he used university computers to access pornography on the internet. Goodwin has filed no response to this motion. Therefore, this court will assume there is no objection pursuant to Local Rule 7.1(B)(1). The Seventh Circuit in its opinion agreed with this court that neither Mecum nor Elder were similarly situated individuals to Goodwin. See Goodwin, 442 F.3d at 618-19. Accordingly, this court fails to see the relevance of this evidence and this portion of Defendants' Motion in Limine is GRANTED.

### C. Motion to Exclude Admission of Hassell's Purported Statements About Rumors

Defendants further seek to exclude a statement made by Goodwin's direct supervisor, Charles Hassell, made in response to Goodwin asking what she was doing wrong. Hassell allegedly responded by saying "people don't like you because, historically this is a white male position" and "you are a strong black female, and people don't like that." Defendants argue this statement shows no bias on the part of Hassell, Kornegay, or Mecum and has no relationship to the demotion decision. Therefore, according to Defendants, this evidence is not probative of discriminatory intent. However, the Seventh Circuit Court of Appeals stated in its opinion that Hassell's statement was the "strongest evidence of pretext" alleged by Goodwin. Goodwin, 442 F.3d at 619. This court fails to see how it could rule this evidence is irrelevant in light of the Seventh Circuit's statement. Accordingly, this portion of the Defendants' Motion in Limine is DENIED.

### D.  Motion to Exclude Evidence that Plaintiff was Damaged by the Differential Between Her Regular Pay and the Workers' Compensation Pay That She Received

Defendants further seek to bar Goodwin from introducing evidence that she incurred a post demotion on-the-job injury while working as a building service worker and was unable to work because of that injury.  Defendants argue this is inadmissible because Defendants' alleged discriminatory conduct was not the proximate cause of her injury.  In her response, Goodwin indicates that she has no intention of presenting evidence that Defendants' conduct was the cause of her slip and fall injury.  Goodwin does intend to introduce evidence as to what her duties as a foreman consisted of in contrast to her duties as a building service worker.  Goodwin argues this evidence is relevant because she could have performed her duties as a foreman even with her on-the-job injury.  Goodwin intends to introduce this evidence on the issue of damages only to demonstrate the difference between her workers' compensation benefits and what she would have earned as a foreman.  The court will allow the introduction of this evidence for this limited purpose.  Accordingly, this portion of the Defendants' Motion in Limine is DENIED.

### E.  Motion to Exclude Evidence of "Lost Overtime" for Any Period of Time After October 1, 2004

In the final portion of their motion in limine, Defendants seek an order barring Goodwin from admitting evidence that she lost overtime pay from the date of her demotion up to the time of trial.  Defendants argue that after October 1, 2004, Goodwin was reassigned to a non-supervisory position because there were concerns that she was being targeted by the union.  Thus, according to Defendants, the union concerns were the proximate cause of Goodwin's lost overtime after October 1, 2004, rather than any alleged discrimination.  Goodwin argues in response that Mecum approved the recommendation of Kornegay not to return Goodwin to the moving crew but to assign her to a

cleaning crew after the Civil Service Merit Board rendered its decision. Goodwin asserts that this is evidence that Defendants discriminated against her by "demoting her without just cause and then, even after being ordered to return her to her former position by the Merit Board refused to do so." The court will allow Goodwin to present this evidence. However, if the jury renders a verdict in favor of Goodwin, this court will entertain a motion to reduce damages should the jury award damages for lost overtime. Accordingly, the final portion of Defendants' Motion in Limine is DENIED.

## II. Plaintiff's Motion in Limine

In her Motion in Limine (#48), Goodwin seeks to bar the following evidence: (1) a letter of warning regarding work performance dated April 20, 1988, and the circumstances surrounding that letter; (2) a letter responding to a grievance filed by Goodwin on April 27, 1988, and the circumstances surrounding that letter; (3) a letter of warning dated January 19, 1990, and the circumstances surrounding that letter; (4) a letter to Doreena Wilson dated August 2, 1999, and the circumstances surrounding that letter; (5) a letter to Goodwin dated October 13, 2000, and the circumstances surrounding that letter; and (6) any defense that Goodwin did not mitigate her damages. With regard to the letters, Goodwin argues they are irrelevant to the case and would open up collateral matters not pertinent to the case. As concerns the mitigation of damages, Goodwin argues that Defendants failed to raise this as an affirmative defense. Defendants have not filed a response to Goodwin's Motion in Limine. Therefore, this court will assume there is no objection pursuant to Local Rule 7.1(B)(1). Accordingly, Goodwin's Motion in Limine is GRANTED.

IT IS THEREFORE ORDERED:

(1) Defendants' Motion in Limine (#42) is GRANTED in part and DENIED in part as set forth above.

(2) Plaintiff's Motion in Limine (#48) is GRANTED.

(3) This case remains set for a final pretrial conference on October 26, 2006, at 2:30 p.m. and a jury trial commencing November 13, 2006, at 9:00 a.m.

ENTERED this 25th day of October, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE